UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| ROHAN ISAACS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Case No.: |
| | ) |
| HARBOR TAMARAC | ) |
| MANAGEMENT, LLC | ) |
| | ) |
|     Defendant. | ) |
| _____ / | |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff ROHAN ISAACS ("Plaintiff" or "Isaacs"), files his Complaint against Defendant, HARBOR TAMARAC MANAGEMENT, LLC ("Defendant" or "HTM"), and in support he states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and the Florida Worker's Compensation Act, Fla. Stat. Ann. § 440.205 to redress Defendant's unlawful employment practices against Plaintiff including Defendant's FMLA interference, unlawful discrimination, harassment,

1

retaliation against Plaintiff because of his race, disability, and exercise of his worker's compensation rights leading to his unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Isaacs, is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Broward County, Florida.

6. Defendant, HTM, is a Florida Limited Liability Company with its principal place of business in Vero Beach, Florida.

7. Defendant does business in this judicial district at 6855 NW 70th Ave, Tamarac, Florida 33321.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On August 3, 2020, Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on race, disability, and retaliation.

11. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

12. On April 27, 2021 the EEOC issued to Plaintiff his Notice of Right to Sue.

13. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff is an African American male.

15. In 2019, Plaintiff sustained a leg injury in the course of his work rendering him disabled. Plaintiff's leg injury was a physical condition that substantially limited his major life activity of walking.

16. Plaintiff was a qualified individual with a disability because he was able to perform the essential functions of his job with or without reasonable accommodations.

17. Plaintiff exercised his worker's compensation rights by filing a worker's compensation claim regarding his work-related leg injury.

18. Defendant began subjecting Plaintiff to increased scrutiny and baselessly criticizing Plaintiff's performance – which was not at issue prior to his disability and exercise of his worker's compensation rights – to intimidate Plaintiff in retaliation for exercising his worker's compensation rights and discriminate against Plaintiff as compared to his non-disabled, Caucasian counterparts.

19. By contrast, Defendant permitted Paul (last name unknown) (Caucasian) to violate policy, including but not limited to sleeping on the clock, without reprimand.

20. Defendant, specifically Laura Fusaro (General Manager, Caucasian), attempted to further intimidate and coerce Plaintiff to not further exercise his worker's compensation rights and blatantly refused to reasonably accommodate him or otherwise engage in the interactive process by dissuading Plaintiff from obtaining further medial treatment when his leg became infected.

21. Despite Plaintiff's obvious need for medical treatment and the reasonable accommodation of brief time off due to his disability, which was

aggravated by the infection, Defendant failed to inform Plaintiff about his FMLA rights.

22. Plaintiff was hired on July 10, 2015 and worked full time hours. Plaintiff qualified for FMLA because Plaintiff had worked over one year by 2019 and had worked at least 1250 hours in the year proceeding his need for FMLA, and Defendant had at least 50 employees at the location Plaintiff worked and/or within a 75-mile radius.

23. Defendant's failure to inform Plaintiff about his FMLA rights interfered with Plaintiff's ability to exercise his rights.

24. In March 2020, Plaintiff's wife fell severely ill, and Defendant sent Plaintiff home to quarantine for two weeks. Defendant provided FMLA documentation to Plaintiff for the two-week quarantine. However, when Plaintiff submitted the completed documents, Defendant told Plaintiff that he did not need FMLA and failed to properly file the FMLA documents.

25. Again, Defendant intentionally and willfully interfered with Plaintiff's exercise of his FMLA rights.

26. On April 7, 2020, Plaintiff tested positive for COVID-19 and was ordered to quarantine for two weeks. Plaintiff informed Ms. Fusaro; however, again, Defendant willfully failed to inform Plaintiff about his FMLA rights.

27. Plaintiff was further disabled due to his physical condition of COVID-19. COVID-19 is a physical condition that substantially limits the major life activity of breathing and interacting with other people.

28. Plaintiff was a qualified individual with a disability because he was able to perform the essential functions of his job with the reasonable accommodation of medical leave to quarantine while actively testing positive.

29. On April 21, 2020, Plaintiff was tested again and tested negative.

30. Defendant provided Plaintiff with the Department of Health guidelines to return to work. At this time, the Department of Health guidelines required Plaintiff to obtain two consecutive negative tests because he worked at a nursing home.

31. On April 23, 2020, Plaintiff tested positive again and was required to quarantine until May 7, 2020.

32. On April 28, 2020, Plaintiff was tested again and tested positive. He was required to continue quarantining for an additional two weeks.

33. Defendant continued interfering with his FMLA rights by failing to inform Plaintiff about his FMLA rights.

34. Throughout Plaintiff's quarantine, Defendant required Plaintiff to train Paul on Plaintiff's job duties, which also demonstrated that Defendant was willfully

refusing to provide FMLA in order to require Plaintiff to perform work during what should have been FMLA leave.

35. Plaintiff kept Defendant updated about his tests and quarantine status. However, Ms. Fusaro pressured Plaintiff to return against his doctor's orders to further harass him regarding his disability and need for reasonable accommodations.

36. On May 8, 2020, Plaintiff had a chest x-ray.

37. On May 15, 2020, Plaintiff was again tested for COVID-19 and informed Ms. Fusaro.

38. On May 16, 2020, Defendant emailed Plaintiff a letter falsely alleging that Defendant had been unable to contact Plaintiff and would terminate Plaintiff effective May 18, 2020 if it did not hear from Plaintiff by 5:00pm on May 18, 2020.

39. Defendant had not attempted to contact Plaintiff prior to this notification, and Plaintiff had repeatedly updated Defendant about his ongoing disability and need for reasonable accommodation of medical leave.

40. Plaintiff had been communicating solely via phone, not email. Defendant knowingly emailed Plaintiff the termination letter to ensure that Plaintiff would not receive it in a timely fashion.

41. Defendant failed to provide any notice that Plaintiff's job was in jeopardy and failed to engage in the interactive process to reasonably accommodate Plaintiff.

42. Defendant terminated Plaintiff during what should have been FMLA protected medical leave on the basis of his disability and need for reasonable accommodations and without engaging in the interactive process.

43. After Defendant unlawfully terminated Plaintiff, Defendant replaced Plaintiff with his Caucasian, non-disabled counterpart, Paul.

44. Plaintiff has been damaged by Defendant's illegal conduct.

45. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
## Race Based Discrimination in Violation of Title VII

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

47. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his race, African American.

48. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

49. Defendant violated Title VII by discharging and discriminating against Plaintiff based on his race.

50. Defendant intentionally discriminated against Plaintiff on the basis of his race.

51. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

52. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## Count II:
## Retaliation in Violation of Title VII

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

54. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

55. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

56. Defendant's conduct violated Title VII.

57. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

58. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## Count III:
## Disability Based Discrimination under the ADA

59. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

60. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

61. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

62. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

63. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

64. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

65. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

### Count IV:
### Retaliation under the ADA

66. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

67. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

68. Defendant's conduct violates the ADA.

69. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

70. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## Count V:
## Interference in Violation of the FMLA

71. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

72. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

73. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location and/or within 75miles in 20 or more workweeks in the calendar year preceding the leave request.

74. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

75. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

76. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

77. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

## Count VI:
### Retaliation in violation of the Florida Worker's Compensation Act

78. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-45 above.

79. Plaintiff exercised or attempted to exercise his worker's compensation rights.

80. Defendant is prohibited under the Act from retaliating against Plaintiff for exercising or attempting to exercise his worker's compensation rights by means of discharge, threats to discharge, intimidation, or coercion.

81.     Defendant retaliated against Plaintiff by means of intimidation and coercion.

82.     Defendant's conduct violated the Act.

83.     Plaintiff was injured due to Defendant's willful violations of the Act, to which he is entitled to legal relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)     Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)     Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c)     Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Zane A. Herman*
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950

Tampa, Florida 33609
T: (800) 965-1570 ext. 105
F: (866) 580-7499
zane.herman@spielbergerlawgroup.com

*Counsel for Plaintiff*